### The District Court of the 21st Judicial District.
### County of Ravalli.

STATE OF MONTANA,
    Plaintiff,
vs.
KELLY WORTHAN,
    Defendant.

CAUSE NO. DC-03-104
DECISION

On November 16, 2004, the defendant was sentenced as follows:

**CHARGE #1**: Count I: Sixty (60) years in the Montana State Prison, with thirty (30) years suspended, for the offense of Sexual Intercourse Without Consent, a felony; and Count II: Sixty (60) years in the Montana State Prison, with thirty (30) years suspended, to run consecutively with the sentence in Count #1, for the offense of Sexual Intercourse Without Consent, a felony;

**CHARGE #2**: Count I: Sixty (60) years in the Montana State Prison, with thirty (30) years suspended, to run concurrently with the sentences in Counts I and II of CHARGE #1, for the offense of Incest, a felony; and Count II: Sixty (60) years in the Montana State Prison, with thirty (30)

years suspended, to run concurrently with the sentences in Counts I and II of CHARGE #1, for the offense of Incest, a felony; and

*CHARGE #3:* Ten (10) years in the Montana State Prison, to run consecutively with the sentences in Charges #1 and #2, for the offense of Tampering With Witnesses and Informants, a felony.

On August 5, 2010, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Eric Olson. The state was represented by Deputy County Attorney, William Fulbright, who appeared via videoconference.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division of the Supreme Court of Montana provides that "the sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (§46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 5th day of August, 2010.

DATED this 13th day of August, 2010.

Chairperson, Hon. Blair Jones, Member, Hon. Richard Simonton and Member, Hon. Ray Dayton.